**SO ORDERED.**

**SIGNED March 27, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____


UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

NICKIE RODRIGUEZ                          CASE NO. 05-51677

    Debtor                                CHAPTER 7
-------------------------------------------------------------------
MHL COMPANIES, LLC

    Plaintiff

VERSUS                                    ADV. PROCEEDING NO. 05-5074

NICKIE RODRIGUEZ

    Defendant
-------------------------------------------------------------------
MEMORANDUM RULING
-------------------------------------------------------------------

Nickie Rodriguez ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 27, 2005. The section 341 meeting of creditors was noticed for and held on August 11, 2006. Thereafter, on October 21, 2005, M.H.L.

Companies, LLC ("MHL") filed its **COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS** ("Complaint"). Debtor responded with an Exception Based upon Late Filing, which the court has treated as a Motion to Dismiss the Complaint.

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

Debtor asserts that the Complaint was not timely filed pursuant to Rule 4007(c), Federal Rules of Bankruptcy Procedure, which requires certain complaints to be filed within 60 days after the first date set for the meeting of creditors. MHL concedes that the Complaint was filed more than 60 days following the creditors' meeting. However, MHL asserts that it relied upon this court's Order of September 27, 2005, following Hurricane Rita, which provided that:

Page 2

>	Due to the effects of Hurricane Rita,
>
>	**IT IS ORDERED:**
>
>	                              I.
>
>	With respect to cases assigned to the Lafayette and Opelousas Divisions of the United States Bankruptcy Court for the Western District of Louisiana, whether presently pending or filed during the effective period of this Order, and during the effective period of this Order:
>
>	A.  All court-imposed deadlines and delays are suspended;
>
>	B.  All statutory time limits (i) for filing contested matters and adversary proceedings, and (ii) imposing filing requirements on debtors are suspended; and
>
>	C. In those cases where motions for relief from stay are pending, the automatic stay shall remain in full force and effect.
>
>	                              II.
>
>	A.  This Order is effective as of September 23, 2005, and will remain in effect until October 31, 2005.
>
>	B.  Notwithstanding the above, and in the interest of justice, the court may entertain motions seeking relief from the foregoing suspensions.
>
>	                              ###

The Debtor asserts that the last paragraph of the Hurricane Rita Order implies that the court will review each case on a case by case basis and that MHL did not need an extension due to the hurricane. The Debtor therefore argues that the court should ignore its Order and dismiss the Complaint.

The court will not accept the Debtor's suggestion. The court granted a blanket extension. MHL's counsel became aware of the extension and delayed filing the Complaint, which was filed within the extended deadline. There is no suggestion that MHL was abusing the intent of the Hurricane Rita Order or that some unfair

advantage was taken. The last paragraph of the court's order was clearly intended to give creditors a mechanism for seeking relief from the stay where debtors were abusing the extension. It was not intended to allow parties to argue after the fact that no extension should have been granted to a particular party. Such an interpretation would certainly be unfair.

For the foregoing reasons, the Debtor's Motion to Dismiss the Complaint is **DENIED**. Debtor is given a period of 20 days from the date of this Memorandum Ruling within which to file responsive pleadings.

**IT IS SO ORDERED.**

###

Page 4

05-05074 - #15  File 03/28/06  Enter 03/28/06 13:44:14  Main Document  Pg 4 of 4